**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BETTY MARIE DRYE                                                                                PLAINTIFF

v.                                        No. 4:09CV00922 JLH

UNIVERSITY OF ARKANSAS FOR MEDICAL
SCIENCES by and through the UNIVERSITY OF
ARKANSAS BOARD OF TRUSTEES;
PHILIP BARONI; and PAM WHITLOCK                                                   DEFENDANTS

**OPINION AND ORDER**

On December 9, 2009, Betty Marie Drye filed a *pro se* complaint against the University of Arkansas for Medical Sciences ("UAMS"), by and through the University of Arkansas Board of Trustees, and her supervisors Philip Baroni and Pam Whitlock for wrongful termination. Specifically, Drye alleged that she was wrongfully terminated for leaving the office after clocking into work while other employees who also left the office after clocking in were not terminated. On May 25, 2010, the Court ordered Drye to provide proof of service of process within ninety days and amend her complaint to state a claim upon which relief could be granted. Drye obtained counsel and filed an amended complaint on November 15, 2010, in which she alleged that she was deprived of her due process, equal protection, and FMLA rights. Specifically, she alleges that she was denied a pre-termination or post-termination hearing in violation of her due process rights and was subjected to sex, age, and disability discrimination as well as retaliation for seeking FMLA leave. The defendants have filed a motion to dismiss any claims that Drye has alleged pursuant to Title VII of the Civil Rights Act, claims under the Age Discrimination in Employment Act ("ADEA"), and sex discrimination claims pursuant to 42 U.S.C. § 1983.

Drye concedes that she is not entitled to relief under Title VII and in fact denies alleging any Title VII claims. (Pl.'s Resp. to Mot. to Dismiss ¶ 1.) Thus, the defendants' motion to dismiss Drye's Title VII claims is denied as moot.

Drye does allege, however, that she was subjected to age discrimination in violation of the ADEA and sex discrimination in violation of 42 U.S.C. § 1983. The defendants argue that they are entitled to Eleventh Amendment protection from these claims. They also argue that Drye has failed to state claims under the ADEA or § 1983 upon which relief may be granted.

The Eleventh Amendment presents a jurisdictional bar to any suit against a state, a state agency or instrumentality, or a state official acting in his or her official capacity without the state's consent. *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 1355-56, 39 L. Ed. 2d 662 (1974). UAMS is a department of the University of Arkansas, which is an arm and instrumentality of the State of Arkansas. *Warner v. Arkansas*, No. 4:09CV00091, 2009 WL 963590, at *2 (E.D. Ark. Apr. 8, 2009) ("UAMS is merely a department of the University of Arkansas and, as such, is not an entity that can sue or be sued.") (quoting *Univ. of Ark. for Med. Scis. v. Adams*, 354 Ark. 21, 24, 117 S.W.3d 588, 590 (2003)). "[T]he doctrine of sovereign immunity bars a claim against the University of Arkansas and its Board of Trustees." *Adams*, 354 Ark. at 25, 117 S.W.3d at 591. Drye offers no evidence that the State has waived its Eleventh Amendment protection and concedes that any claims against the University of Arkansas and its Board of Trustees must be dismissed. (Pl.'s Br. in Resp. at 2.) Although suits against the State must be dismissed, the Eleventh Amendment does not bar suits for prospective relief against state officials acting in their official capacities. *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Drye's request for reinstatement is a request for prospective relief and is not barred by the Eleventh Amendment. *Hicks v. Ark. Dep't of Health*

2

*& Human Servs.*, No. 4:05CV00538, 2006 WL 2551367, at *15 (E.D. Ark. Sept. 5, 2006) ("An action seeking the reinstatement of a state employee who was improperly terminated is an action for prospective relief and therefore is not barred by the Eleventh Amendment."). Her request for front pay is not. *Campbell v. Ark. Dep't of Corr.*, 155 F.3d 950, 962 (8th Cir. 1998) ("For purposes of the eleventh amendment . . . front pay is not analogous to the prospective relief permitted under *Ex parte Young* because it 'must be paid from public funds in the state treasury.' ") (quoting *Edelman*, 415 U.S. at 663, 94 S. Ct. at 1356). Thus, Drye's ADEA and § 1983 claims against UAMS and its Board of Trustees must be dismissed along with any damages claims against Baroni and Whitlock in their official capacities. Drye's claims for reinstatement are not barred by the Eleventh Amendment.

Drye does not state whether she is suing Baroni and Whitlock in their individual capacities. While individual capacity claims may be brought under § 1983, the defendants correctly note that Baroni and Whitlock may not be held liable in their individual capacities under the ADEA. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) ("[T]he ADEA provides no basis for individual liability for supervisory employees."). Moreover, when the complaint in a § 1983 case does not specifically state that the defendant is sued in the defendant's individual capacity, it is presumed that the defendant is sued only in the defendant's official capacity. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Because Drye does not specifically state that she sues Baroni and Whitlock in their individual capacities, the Court will assume that she brings her § 1983 claims against them only in their official capacities.

The final issue before this Court is whether the sex and age discrimination claims against Baroni and Whitlock should be dismissed in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In reviewing the complaint, the Court must "accept as true all of the factual allegations contained in the complaint." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544. 555-56, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). All reasonable inferences from the complaint must be drawn in favor of the plaintiff. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Nonetheless, the complaint must include facts sufficient to show that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549. Where the facts presented in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868, 884 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Drye's original complaint, which has been incorporated into the amended complaint, states that on February 16, 2009, she parked her car in front of her office, took her work and lunch into the building, logged onto her computer, and then left the building to park her car in her assigned parking lot. She walked back to the office and continued her work. Later that afternoon, Baroni and Whitlock informed Drye that she was guilty of gross misconduct for clocking in inappropriately and that her employment was being terminated. In her amended complaint, Drye alleges that she "was

terminated in February of 2009 under circumstances similarly situated males . . . [and] persons under the age of 40 . . . were not." (Am. Compl. ¶ 28.) She also alleges that "Defendants have deprived Plaintiff of her clearly established right to be free from gender . . . discrimination" and "discriminated against her on the basis of her sex . . . and age." (*Id.* ¶ 29.)

Although Drye's complaint does not include an abundance of factual detail, she has offered more than the naked assertion that similarly situated persons were treated more favorably. Drye has given some specificity to her allegations by asserting that similarly situated persons were not terminated while she was terminated. "For some courts, that kind of specificity is sufficient." *Marziano v. Cty. of Marin*, No. C-10-2740, 2010 WL 3895528, at **8-9 (N.D. Cal. Oct. 4, 2010) (listing cases in which similar allegations have been deemed sufficient and adopting that approach). Although Drye fails to name even one similarly situated employee who received disparate treatment, "there is nothing about Federal Rule of Civil Procedure 8 which requires the naming of names." *Id.* (citing *Frank v. Potter*, 1:08CV00595, 2009 WL 2982876, at *7 (S.D. Ohio Sept. 15, 2009). Drawing all reasonable inferences in favor of the plaintiff, the amended complaint sufficiently states claims for sex and age discrimination.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is GRANTED in part and DENIED in part. Document #19. The plaintiff's ADEA and § 1983 claims against the University of Arkansas Board of Trustees are dismissed with prejudice, as are the plaintiff's ADEA and § 1983 claims against defendants Baroni and Whitlock, acting in their official capacities, for damages including back pay and front pay. To the extent that the amended complaint alleges an ADEA claim against Baroni and Whitlock in their individual capacities, it is also dismissed.

IT IS SO ORDERED this 4th day of January, 2011.

                                                                     _____
                                                                     J. LEON HOLMES
                                                                       UNITED STATES DISTRICT JUDGE