IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BETTY MARIE DRYE                                                                                    PLAINTIFF

v.                                            No. 4:09CV00922 JLH

UNIVERSITY OF ARKANSAS FOR MEDICAL
SCIENCES by and through the UNIVERSITY OF
ARKANSAS BOARD OF TRUSTEES;
PHILIP BARONI; and PAM WHITLOCK                                                    DEFENDANTS

## OPINION AND ORDER

The defendants have filed a motion for reconsideration asking the Court to reconsider its opinion and order issued January 4, 2011, in which it granted in part and denied in part the defendants' summary judgment motion. Document # 24. In particular, the defendants contend that the Court erred as a matter of law by allowing Betty Marie Drye to maintain an Age Discrimination in Employment Act ("ADEA") claim for reinstatement against Philip Baroni and Pam Whitlock in their official capacities. The defendants argue that the ADEA claims against Baroni and Whitlock in their official capacities should be dismissed in their entirety pursuant to the Eleventh Amendment.

As the Seventh Circuit has stated,

> The [Eleventh] Amendment usually bars actions in federal court against a state, state agencies, or state officials acting in their official capacities, *see Gossmeyer v. McDonald,* 128 F.3d 481, 487 (7th Cir. 1997), but three exceptions exist. First, a state may waive immunity by consenting to suit in federal court; second, Congress may abrogate the state's immunity through a valid exercise of its powers; third, under the *Ex parte Young* doctrine, a plaintiff may file "suit[ ] against state officials seeking prospective equitable relief for ongoing violations of federal law. . . ." *Marie O. v. Edgar,* 131 F.3d 610, 615 (7th Cir. 1997); *see Ex parte Young,* 209 U.S. 123, 159-60, 28 S. Ct. 441, 52 L. Ed. 714 (1908). [The plaintiff] does not contend that [the State] consented to suit in federal court. Her ability to resort to the second exception was cut short in *Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 91, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000), where the Court held that "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." So only the *Ex parte Young* exception remains . . . .

*Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007).

Courts in this circuit, including our own, have found prospective injunctive relief available to plaintiffs who brought ADEA claims against state officials in their official capacities. *See Hasty v. Neb. Dep't of Educ.*, No. 4:09CV3196, 2010 WL 1552855, at *5 (D. Neb. Apr. 15, 2010) ("As discussed above, while the plaintiff cannot maintain § 1983, ADA and ADEA claims directly against the [agency], the Eleventh Amendment does not bar the claims against State officials, acting in their official capacities, for prospective injunctive relief to prevent future violations of federal law."); *Fiske v. State of Iowa Third Judicial Dist. Dep't of Corr. Servs.*, 633 F. Supp. 2d 682, 692 (N.D. Iowa 2009) (finding that, in light of appellate court precedent, "an action for prospective relief from violations of the ADEA is viable against a state official, in his or her official capacity"); *Jackson v. Univ. of Ark. for Med. Scis.*, No. 4:08CV04234, 2009 WL 890518, at *1-2 (E.D. Ark. Mar. 31, 2009) (finding that, although the Eleventh Amendment barred the plaintiff's ADEA, ACRA, and ADA claims for monetary damages for wrongful termination, plaintiff's claims for prospective injunctive relief against the public officials in their official capacity remained). Although the Eighth Circuit Court of Appeals has not "squarely addressed the question,"

> [t]he Eighth Circuit [has] . . . recognized the general principle that state officials may be sued, in their official capacities, for injunctive relief, even when their agency has Eleventh Amendment immunity. *See Monroe v. Arkansas State Univ.,* 495 F.3d 591, 594 (8th Cir. 2007) ("While under the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, the same doctrine does not extend to states or state agencies. *See Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs.,* 443 F.3d 1005, 1017 (8th Cir. 2006), *vacated on other grounds,* 551 U.S. 1142, 127 S. Ct. 3000, 168 L. Ed. 2d 724 (2007) (recognizing that only state officials, as opposed to state agencies, can be sued for prospective injunctive relief and dismissing claims against state agency); *see also Kentucky v. Graham,* 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Alabama v. Pugh,* 438 U.S. 781, 781-82, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978)."). Similarly, in a case alleging disability discrimination in

> violation of the Americans with Disabilities Act (ADA) by state officials, admittedly in the denial of an application for re-registration as a securities agent, not in employment, the Eighth Circuit Court of Appeals recognized that "under *Ex Parte Young* and its progeny, private individuals can in fact sue state officials under the ADA for prospective, injunctive relief only." *Grey v. Wilburn,* 270 F.3d 607, 609 (8th Cir. 2001) (citing *Gibson v. Arkansas Dep't of Correction,* 265 F.3d 718 (8th Cir. 2001)). Thus, the Eighth Circuit Court of Appeals has not recognized Eleventh Amendment immunity as an insuperable bar to claims for injunctive relief against state officials in their official capacities. . . .

*Fiske*, 633 F. Supp.2d 682 at 691.

In determining the applicability of the *Ex parte Young* doctrine, a court must "conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Dakota, Minn. & E. R.R. Corp. v. South Dakota*, 362 F.3d 512, 517 (8th Cir. 2004) (finding that the doctrine authorizes relief enjoining the Governor from enforcing a particular state statute that violates or conflicts with federal law); *see, e.g.*, *Entergy, Ark., Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 2000) ("The district court . . . had jurisdiction to enjoin state officers under *Ex parte Young* because the relief was solely prospective and because the Commission made a sufficient showing of [the State's] ongoing violation of federal law."). In *Treleven v. University of Minnesota*, the Eighth Circuit determined that a terminated employee's claim for reinstatement fell squarely within the limits of *Ex parte Young*. 73 F.3d 816, 819 (8th Cir. 1996) (making its determination in the context of a § 1983 claim); *see also Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 871 (9th Cir. 2001) (determining that "reinstatement is the sort of prospective injunctive relief for which a state officer can be held liable" under *Ex parte Young*), *aff'd on other grounds sub nom*, *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 123 S. Ct. 1972, 155 L. Ed. 2d 953 (2003); *Rush v. Perryman*, No. 1:07CV00001, 2007 WL 2091745, at *3 (E.D. Ark. Jul. 17, 2007) (finding that, although a plaintiff may not pursue a claim for front pay, she may pursue a

§ 1983 claim for reinstatement under *Ex parte Young*), *aff'd on other grounds*, 579 F.3d 908 (8th Cir. 2009). *But see Hilburn v. Dep't of Corr.*, No. 2:07CV06064, 2010 WL 703202, at *6 (D.N.J. Feb. 23, 2010) (finding that plaintiff who alleged wrongful termination could not seek prospective injunctive relief under *Ex parte Young* because "[p]laintiff has been fired; he is not at risk of being fired again; he has no standing to seek prospective injunctive relief"); *Nelson v. Univ. of Tex. at Dallas*, 491 F. Supp. 2d 672, 681-82 (N.D. Tex. 2007) (disagreeing with *Treleven* because the Eighth Circuit failed to address the "continuing violation" prong of an *Ex parte Young* claim). Based on Eighth Circuit case law, a plaintiff may maintain an ADEA action for reinstatement against state officials named in their official capacities.

In support of their motion for reconsideration, the defendants cite to several cases in which this Court summarily dismissed plaintiffs' ADEA claims against state officials on Eleventh Amendment grounds without considering the applicability of *Ex parte Young*. *See Bollen v. Ark. Dep't of Human Servs.*, No. 4:06CV00269, 2007 WL 3232038 (E.D. Ark. Oct. 31, 2007); *Pridgeon v. S.E. Ark. College*, No. 5:06CV0216, 2007 WL 2774488 (E.D. Ark. Sept. 20, 2007); *White v. Ark. Dep't of Health and Human Servs.*, No. 5:04CV0318 JLH, 2006 WL 229896 (E.D. Ark. Jan. 30, 2006). In *Bollen v. Arkansas Department of Human Services*, without addressing whether the plaintiff was entitled to the injunctive relief she sought, the Court dismissed the plaintiff's ADEA claims against the defendant because the "[p]laintiff cannot pursue her ADEA claim against the [agency] or any of the Defendants in their official capacity." 2007 WL 3232038, at *7. The Court also determined that even if the defendants were not immune from suit, the ADEA claims would have been dismissed on the merits. *Id.* In both *Pridgeon v. Southeast Arkansas College*, 2007 WL 2774488, and *White v. Arkansas Department of Health and Human Services*, 2006 WL 229896, the

4

plaintiffs sought injunctive or equitable relief against state agencies and officials acting in their official capacities but failed to cite the ADEA as the basis of their age discrimination claims. The Court analyzed the plaintiffs' discrimination claims under the ADEA and found the state agencies and their officials immune from suit under the Eleventh Amendment. In neither case did the parties in their briefs or the Court in its opinion address whether the plaintiffs might be entitled to prospective relief on their ADEA claims under the *Ex parte Young* doctrine.

Although it may be that our decisions are not altogether consistent, careful analysis of the Eighth Circuit decisions leads to the conclusion that plaintiffs who seek prospective injunctive relief under the ADEA may obtain that relief, including reinstatement, in actions against state officials in their official capacities.

For the reasons stated above, the defendants' motion for reconsideration is DENIED. Document #27.

IT IS SO ORDERED this 27th day of January, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE